# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| ALIX CHEVRY | : | DOCKET NO. 2:05-cv-889 Section P |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| ALBERTO GONZALES, ET AL. | : | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Currently before the court is a petition for writ of *habeas corpus* filed by *pro se* petitioner, Alix Chevry, pursuant to 28 U.S.C. § 2241. By this petition, petitioner challenges his mandatory detention by immigration officials pursuant to INA § 236(c). This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

## FACTS

On August 18, 2004, petitioner states that he was served with a Notice to Appear (NTA), and he was taken into custody at that time. Petitioner further states that the NTA charged him with being removable from the United States pursuant to INA § 237(a)(2)(A)(iii) as an alien convicted of an aggravated felony.

A removal hearing was held on September 14, 2004 at which time petitioner requested asylum under the Convention Against Torture (CAT). The hearing was continued so that petitioner could complete an application for CAT relief. The deadline for his application was set for November 27, 2004, and his removal hearing was reset for March 7, 2005. At the removal hearing on March 7, 2005, the immigration judge denied petitioner's application for relief under CAT and ordered him

removed to Haiti.

Petitioner appealed the removal order to the Board of Immigration Appeals (BIA). The BIA dismissed petitioner's appeal on August 8, 2005.[1]

While the appeal was pending before the BIA, petitioner filed this petition for writ of *habeas corpus* on May 12, 2005, challenging his mandatory detention in immigration custody and arguing that he is entitled to an individual bond hearing. The Clerk of Court determined that the petition was deficient at the time of filing and ordered the petitioner to cure the deficiency which petitioner subsequently did. The deficiency flag was removed by the Clerk of Court on August 18, 2005.

## LAW AND ANALYSIS

In this petition, the petitioner challenges only his continued detention in the custody of immigration officials. He claims that he has been in the custody of immigration officials since August, 2004 without a bond hearing.

From the facts summarized above, it is clear that at the time petitioner filed his petition on May 12, 2005, his removal proceedings were not yet final and that he was detained pursuant to the mandatory detention provision of INA § 236(c). However, the evidence before the court reveals petitioner's removal order became final on August 8, 2005 when the BIA dismissed petitioner's appeal. Therefore, petitioner's detention is now governed by §241 of the INA, and any challenge he makes to his detention under §236(c) is moot.[2]

---

[1] This fact is not presented in the record, but it was verified by the undersigned's office with the Immigration Court Information System, a telephonic, computerized service that provides status reports on past and pending immigration proceedings. This system may be reached at 1-800-898-7180, and it requires the petitioner's alien number (A46 670 894).

[2] Even if the petitioner's challenge to his detention pursuant to § 236(c) were not moot, the court would find that this challenge lacked merit. The constitutionality of mandatory detention during the pendency of removal proceedings pursuant to INA § 236(c) was considered by the United States Supreme Court in *Demore v. Kim,* 123

2

To the extent that this petition can be construed as a challenge to petitioner's post-removal-order detention pursuant to INA § 241, such a challenge is premature as petitioner has not been in post-removal-order detention for more than six months. *Zadvydas v. Davis,* 121 S.Ct. 2491, 2505 (2001)(6 month removal period presumed to be reasonable).

Accordingly,

IT IS RECOMMENDED that this petition be DENIED AND DISMISSED as moot.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 25th day of August, 2005.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE

---

S.Ct. 1708 (2003) and found to be constitutional.